**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lauren A. BAKER, Defendant–**
**Appellant.**

No. 03–3199.

United States Court of Appeals,
Seventh Circuit.

Submitted May 14, 2004.

Decided June 24, 2004.

Stephen Heinze, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Lauren A. Baker, Danbury, CT, pro se.

Before POSNER, MANION, and DIANE P. WOOD, Circuit Judges.

## ORDER

Lauren Baker pleaded guilty to bank robbery, 18 U.S.C. § 2113, and the district court sentenced her to 51 months' imprisonment, the minimum sentence within the guideline range. Baker appeals, but her appointed counsel cannot discern a non-frivolous issue for appeal and now moves to withdraw. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate and Baker has declined our invitation to respond under Circuit Rule 51(b), so we limit our review to those issues explored by counsel. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir.2002).

On November 22, 2002, Baker and Princeton Davis entered a branch of Charter One Bank in Woodridge, Illinois. Baker handed one of the tellers a note reading "This is a robbery give me all yo money or i will *kill* you don't lose your life over these other people money No Sudden move" (emphasis in original), and the teller gave her almost $4,000. Davis handed another teller a similar note and received almost $7,000. The two then left the bank and entered a car driven by Sasha Robinson. Robinson led police on a high-speed chase for several miles that ended when she crashed into another vehicle.

Counsel first considers arguing that Baker's guilty plea was involuntary, but properly does not address the issue because Baker has told counsel that she does not wish to withdraw her plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002). Counsel next considers challenging the two-level increase Baker received for making a threat of death during the robbery, U.S.S.G. § 2B3.1(b)(2)(F), because Baker did not have a weapon and thus had no means of carrying out the threat. This challenge would be frivolous, however, because Baker handed the teller a note threatening to *"kill"* the teller, and the text of her note was virtually identical to a sample threat provided in the commentary to the guideline. *See U.S.S.G.* § 2B3.1, comment. (n.6). Baker's actions would have put reasonable tellers in fear of their lives, and the fact that she did not actually have a weapon is irrelevant. *See United States v. Emmett*, 321 F.3d 669, 673 (7th Cir.2003).

Counsel next discusses whether to argue that the district court erred by adding one level for a loss exceeding $10,000,

U.S.S.G. § 2B3.1(b)(7)(B), because Baker received less than $4,000 from the teller she approached. But counsel properly concludes that this argument would be frivolous because a defendant is liable for "all reasonably foreseeable acts and omissions of others" that further a "jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). Baker and Davis robbed the bank together and Baker is therefore responsible for both the money that she took and the money that Davis took. *See* U.S.S.G. § 1B1.3, illustration (b)(1) (getaway driver in bank robbery accountable for entire sum of money taken from bank).

Next, counsel considers arguing that the district court erred by adding two levels for recklessly endangering others while fleeing from the bank. *See* U.S.S.G. § 3C1.2. This upward adjustment is warranted if the defendant recklessly created a substantial risk of death or serious injury to another person while fleeing from police. *United States v. Thomas*, 294 F.3d 899, 906–07 (7th Cir.2002). The defendant is accountable for her own conduct and also for conduct of others that she "aided or abetted, counseled, commanded, induced, procured, or willfully caused." U.S.S.G. § 3C1.2, comment. (n.5). Baker, Davis, and Robinson recklessly endangered others because they led police on a high-speed chase for several miles that ended in a collision with another car. Although Baker was not driving the vehicle, she and Davis had planned the escape with Robinson, and Baker is therefore accountable for Robinson's actions during their flight. *See* U.S.S.G. § 3C1.2, comment. (n.5).

Finally, counsel discusses whether the district court erred by not departing downward from the guideline range. Baker moved for a downward departure, arguing that she had a diminished mental capacity because her father and step-brother had repeatedly sexually abused her as a child. *See* U.S.S.G. § 5K2.13. The district judge denied the motion because he "fail[ed] to see a real nexus" between Baker's psychological trauma and her ability to control her behavior or understand the wrongfulness of her actions. Since the district court recognized its discretion to depart downwards but declined to do so, we would lack jurisdiction to review that decision. *See United States v. Hernandez*, 330 F.3d 964, 987 (7th Cir.2003).

We agree that the issues identified by counsel are frivolous. Accordingly, we GRANT counsel's motion to withdraw and DISMISS this appeal.