# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 03-3199

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

LAUREN A. BAKER,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 02 CR 1138—**Ronald A. Guzman**, *Judge.*

_____

ARGUED FEBRUARY 18, 2005—DECIDED MAY 6, 2005

_____

Before FLAUM, *Chief Judge*, and KANNE and EVANS, *Circuit Judges.*

FLAUM, *Chief Judge.* Lauren Baker pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a), and was sentenced to 51 months of imprisonment. She appeals only her sentence, arguing that it violates *United States v. Booker*, 125 S. Ct. 738 (2005). For the reasons stated herein, we remand for proceedings consistent with our opinion in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).

## I.  Background

On November 22, 2002, Baker and Princeton Davis entered a Charter One bank in Woodridge, Illinois. Baker handed a teller a note she had written that stated: "This is a robbery. Give me all your money or I will <u>kill</u> you. Don't lose your life over these other people money. No sudden move." Davis gave another teller a similar demand note. The two tellers complied, giving Baker and Davis a total of approximately $10,900. Baker and Davis left the bank and got into a waiting car driven by Sasha Robinson. The police arrived at the bank just as the getaway car pulled out of the parking lot and onto the street. Robinson sped away, ignoring an officer's command to stop. Robinson led the police on a high speed chase that came to an abrupt halt when the getaway car crashed into an unsuspecting citizen's vehicle. The police arrested Baker, Davis, and Robinson at the scene of the crash. Inside the car, officers discovered clothing later identified as having been worn during the robbery, Baker's demand note, $10,900 in U.S. currency, and bait money that one of the tellers had placed surreptitiously among the untainted cash.

Baker entered a blind plea of guilty to one count of bank robbery. At the plea hearing, Baker stipulated to the facts described above with the sole reservation that she contested whether she was responsible for the full amount of the money taken from the bank. She admitted, nevertheless, that the total amount taken was $10,900.

The probation office issued a presentence report calculating Baker's base offense level as 20 pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2B3.1(a) (Nov. 2002). The report recommended the following adjustments: a two-level increase because Baker had taken the property of a financial institution, § 2B3.1(b)(1); a two-level increase because she had made a threat of death, § 2B3.1(b)(2)(F); a one-level increase because the amount of

the loss was more than $10,000 but not more than $50,000, § 2B3.1(b)(7)(B); a two-level increase for reckless endangerment during flight, § 3C1.2; and a three-level decrease because Baker timely had accepted responsibility for her actions, § 3E1.1(a), (b). The report calculated Baker's total offense level as 24 and her criminal history category as I, resulting in a guideline range of 51-63 months.

At sentencing, defense counsel stated that he had no objection to the presentence report's calculations, but moved for a downward departure on grounds not relevant to our discussion. The district court declined to depart downward, adopted the presentence report's calculations, and sentenced Baker to 51 months of imprisonment. Baker appeals.[1]

## II. Discussion

The sole issue on appeal is whether Baker is entitled to a remand in light of *Booker*. Baker argues that the district court erred by: (i) increasing her sentence based on facts not found by a jury or admitted by her; and (ii) imposing a sentence under the belief that the guidelines were manda-

---

[1] Baker's appellate counsel initially moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), asserting that he could not discern a nonfrivolous argument for appeal. On June 24, 2004, we granted the motion and dismissed the appeal. *United States v. Baker*, 103 Fed. Appx. 30 (7th Cir. 2004) (unpublished). That same day, however, the Supreme Court announced its landmark decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), which foreshadowed its later opinion in *Booker*. Counsel petitioned this court for a rehearing, asserting that in light of *Blakely*, defendant had meritorious claims for appeal. We granted the petition, vacated counsel's motion to withdraw, and allowed the appeal to proceed.

tory.[2] Baker did not raise a Sixth Amendment or related challenge to her sentence before the district court. Accordingly, we review for plain error.

"[B]efore an appellate court can correct an error not raised at trial, there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.' If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.' " *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)) (internal quotations and citations omitted).

The government argues that Baker cannot meet the first of these requirements because the district court did not err in enhancing defendant's sentence. It contends that Baker admitted the facts supporting each enhancement, and that a sentence based on a defendant's admissions does not violate the Sixth Amendment. *See Booker*, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). Baker replies that her admissions at the plea hearing concede only that the government could prove the facts described above by a preponderance of the evidence (since that was the standard pre-*Booker*). She asserts that *Booker* requires the government to establish or obtain a concession that it could establish the facts supporting each enhancement beyond a reasonable doubt. Defendant argues in the alternative that, even if she has conceded that the government could prove each fact beyond a reasonable doubt, the facts she admitted do not

---

[2] Defendant has abandoned her position that she is liable for only part of the bank's loss.

support the enhancement for reckless endangerment. Defendant contends that she admitted only to riding in the getaway car, and that Robinson, not defendant, is responsible for recklessly endangering others in the course of their flight.

We need not resolve whether Baker's sentence, based on these admissions, complies with the Sixth Amendment. Assuming no constitutional error, the district court nonetheless imposed Baker's sentence believing that the guidelines were mandatory. *Booker* rendered the guidelines advisory in their entirety, even where the Sixth Amendment would allow a mandatory regime. 125 S. Ct. at 768. We have held, moreover, that a district court errs when it imposes a sentence under the belief that the guidelines are mandatory. *See United States v. White*, No. 03-2875, slip op. at 13-14 (7th Cir. May 3, 2005); *United States v. Castillo*, Nos. 02-3584 & 02-4344, slip op. at 31 (7th Cir. May 3, 2005). Although this error was by no means obvious at the time of sentencing, "it is enough that an error be 'plain' at the time of appellate consideration." *Johnson*, 520 U.S. at 468. Thus, the first two prongs of the plain error test are satisfied.

The government argues, however, that Baker can establish neither the third nor fourth prong of the test. In this context, a defendant may satisfy the third prong by showing a reasonable probability that had the district court known the guidelines were advisory it would have imposed a lesser sentence. *See Paladino*, 401 F.3d at 481. How the fourth prong differs from the third "is not entirely clear," *id.*, but we "have predetermined that if the defendant has been prejudiced by an illegal sentence, then allowing that illegal sentence to stand would constitute a miscarriage of justice." *White*, slip op. at 14 "(quoting *United States v. Macedo*, 2005 WL 851501, *8 (7th Cir. Apr. 14, 2005))." This is true despite the absence of a Sixth Amendment violation. *See id.*; *see also Castillo*, slip op. at 32 n.8, 33. On the current record, we cannot determine what the district court would have

done had it known of its discretion. Accordingly, we order a limited *Paladino* remand so that we may resolve the third and fourth prongs of the plain error test.

### III. Conclusion

For the reasons stated above, we retain jurisdiction but REMAND to the district court for proceedings consistent with our opinion in *Paladino*.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*